The following opinion was not marked for publication at the time it was delivered, but it is now published by direction of the court.

CASE 79—PETITION EQUITY—APRIL 13, 1871.

## Roach v. Hudson.

APPEAL FROM GREEN CIRCUIT COURT.

1. PURCHASER AT DECRETAL SALE INDUCED PERSONS NOT TO BID AGAINST HIM by giving assurance that on the return of the absent owner he would let him repurchase the property at the inadequate price given by the purchaser. *Held*, that if the absent owner on returning home had sought or required, within a reasonable time, a resale of the property to him in compliance with the assurance given at the sale by the purchaser, and the latter had refused compliance, the court would regard him as having held the property

Roach v. Hudson.

in trust, and liable to account for the difference between the price paid and the amount for which he afterward sold the property.

2. *But in this case the purchaser was absolved from the trust.* It was made to appear that after the original owner's return the purchaser, in good faith, offered to let him repurchase the property by paying only what it had cost, including improvements, and not objecting to the proposition as unfair, or variant from the assurance given when the purchase was made, the original owner declined the privilege of repurchasing. *Held,* that by thus declining to repurchase the original owner absolved the purchaser from any trust or liability which devolved on him by his promise or assurance made at the sale, and waived his right thereafter to demand a compliance therewith, and left the purchaser free to keep or dispose of the property as his own without responsibility to the original owner.

JOHN W. LEWIS, . .  
GARNETT & BAKER, } . . . . . . . For Appellant,  
JOHN RODMAN, . . .  
CITED

Civil Code, sections 445, 440, 373, 579.  
4 Bush, 498, Crutchfield v. Thurman,  
2 Metcalfe, 551.        3 Metcalfe, 502.  
1 Metcalfe, 281.  
1 Bush, 229, Miller, &c. v. Hall.  
1 Bush, 311, Salter v. Dunn, &c.  
2 Bush, 201, Lusk & Gill v. Salter.

A. J. JAMES, . .  
DANIEL JAMES, } . . . . . . . . For Appellee,  
CITED

3 Bibb, 179, Estill v. Estill,  
3 B. Monroe, 426, Partlow v. Lane.  
4 Bush, 360, Crutcher v. Hord and wife.  
J. J. Marshall, 276, Orr v. Pickett.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

Under a judgment of the Green Circuit Court in favor of W. B. Patrick against the appellee, Drury Hudson, a house and some lots of the latter in the town of Greensburg were sold by a commissioner on the 21st day of July, 1862, and purchased by the appellant, J. J. Roach, at the price of seven hundred and four dollars, Hudson being at the time absent

from this state, and within the military lines of the Confederate States.

It appears that at the sale the appellant induced at least one friend of Hudson to cease to bid against him, by giving an assurance that on the return of Hudson to Kentucky he would let him repurchase the property at the price given by the appellant; but whether he waived the right to improve the property, and required pay for improvements also in the event of a resale, there is a contrariety of evidence. The evidence is also conflicting as to the real value of the property at the time, but the conclusion is authorized that the price given was to some extent inadequate; and but for the assurance given by the appellant as aforesaid a relative of the appellee would have bid the property up even to fifteen hundred dollars, or purchased it for his benefit.

It also appears that after improving the property to the amount of three hundred and fifty dollars, the appellant on the 20th day of November, 1866, sold it to Dodd for eighteen hundred and twenty-five dollars.

This suit was prosecuted by the appellee to recover of the appellant the difference between the cost of the property and improvements and the price at which he sold it; and the circuit court having rendered a judgment for the plaintiff on that basis, the defendant has appealed to this court.

If the appellee on returning to his home had sought or required, within a reasonable time, a resale of the property to him in compliance with the assurance given by the appellant at the sale, and the latter had refused compliance, we would regard him as having held the property in trust for the appellee, and concur in the conclusion of the circuit court that he should account for the excess of the price he received over the cost of the property to him.

But it satisfactorily appears from the testimony of the witnesses, White, Mrs. Durham, and Mrs. Mason, uncontradicted

Roach v. Hudson.

and unimpeached, that the appellant, after the appellee's return to Kentucky in 1865, offered in good faith to let him repurchase the property by paying only what it had cost the appellant, including improvements, and that the appellee, not objecting to the proposition as unfair, or variant from the assurance given by the appellant when he purchased the property, declined to avail himself of the privilege of repurchasing.

This, in our opinion, absolved the appellant from any trust or liability devolved on him by his promise or assurance made at the sale as aforesaid, and waived the right of the appellee to demand a compliance therewith, and left the appellant free to keep or dispose of the property as his own, without responsibility to the appellee.

Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition.