CASE 64.—ACTION BY MARY E. IRONS AND OTHERS AGAINST THE UNITED STATES LIFE INSURANCE COMPANY OF NEW YORK AND OTHERS TO RECOVER THE PROCEEDS OF A POLICY.—March 26.

# Irons, &c. v. U. S. Life Ins. Co. of N. Y., &c.

Appeal from Grayson Circuit Court.

WEED S. CHELF, Circuit Judge.

From a judgment of dismissal plaintiffs appeal—Reversed as to Gosnell & Jones, and affirmed as to the Insurance Company.

1. Insurance—Life Policy—Assignability.—A purchaser of a life policy on the life of another, in which he has no insurable interest except as creditor, holds the proceeds of the policy above his debt in trust for the beneficiaries of the policy, and, where the purchaser has no insurable interest, the assign-

Irons, &c. v. U. S. Life Ins. Co. of N. Y., &c.

ment of the policy operates at most only as a pledge to secure the amount paid for it; anything over that being held by him in trust for the beneficiaries named in the policy.

2.  Trusts — Constructive Trusts. — The doctrine of constructive trusts applies to judicial sales as well as to private sales, and, where the purchaser at a private sale will hold the property in trust for another, the purchaser at a judicial sale under like circumstances will equally so hold it, the title of the purchaser in both cases depending on his capacity to take, and, if he cannot take the title in one case absolutely, he cannot in the other.

3.  Judicial Sales—Confirmation—Effect.—Where a proposed purchase at a judicial sale is reported to the court for confirmation, the court does not consider whether the purchaser has capacity to take the property or what interest he can take, unless the question is raised by exception to the sale.

4.  Insurance—Insurable Interest—Assignment to One Without Interest—Judicial Sale—Confirmation.—On a judicial sale of a paid-up life policy, the court does not on its own motion inquire whether the purchaser has an insurable interest in the life of the insured, and an order confirming the sale, where no exceptions are filed, does not establish the fact that the purchaser is not a trustee for the beneficiaries, or that he has capacity to take the property absolutely.

5.  Same—Sale of Paid-Up Life Policy—Rights of Purchaser.— A paid-up life policy payable to insured's sister and her minor children was sold at a judicial sale to raise money for the support of the children. The sale was confirmed without exceptions being filed. The purchaser had no insurable interest in the life of insured. Held, that the purchaser did not acquire the absolute title to the policy, and must account to the children for the surplus after deducting what he had paid at the sale.

6.  Same—Statutes—Applicability.—Ky. St. 1903, section 678, providing that any assignment of a policy to one having no interest in the life of insured shall be void, embodied in the division of the statute entitled "Assessment or Co-operative Life Insurance," is not applicable to policies other than assessment or co-operative life insurance.

7.  Same.—The right of a beneficiary in a life policy cannot be adjudicated in an action on the policy by the other beneficiaries.

G. W. STONE for appellants.
        vol. 128—41

Irons, &c: v. U. S. Life Ins. Co. of N. Y., &c.

## POINTS AND AUTHORITIES CITED.

1. Infants must be defendants. (Civil Code, sec. 489, sub-sec. 3; Allen v. Stump, 3 Ky. Law Rep., 564; Devlin v. Bethshears, 7 Ky. Law Rep., 522; Shelby v. Harrison, 8 Ky. Law Rep., 83.)

2. Wards over fourteen must appear in court. (Kentucky Stats., 2022; Garth v. Taylor, 24 Ky. Law Rep., 1963.)

3. Insurance policies can not be sold. (Settle v. Hill, 5 Ky. Law Rep., 691; Mutual Life Insurance Co.. Twyman, 28 Ky. Law Rep., 160, 1159, 1160.)

3. Informal judgment and sale. (Civil Code, section 696; Runyan v. Darnall, 9 Bush, 668; Myers v. City of Covington, 20 Ky. Law Rep., 241; Luttrell v. Wells, 16 Ky. Law Rep., 812-15.)

4. Necessity for insurable interest. (Kentucky Statutes, section 678; Throckmorton's Adm'r v. Nat. Mut. Ben. Assn., 4 Ky. Law Rep., 61; Warnock v. Davis, U. S. Supreme Court, 4 Ky. Law Rep., 67; Bayse v. Adams, 5 Ky. Law Rep., 91; Settle v. Hill, 5 Ky. Law Rep., 691; Beard v. Sharp, 18 Ky. Law Rep., 1029; Schlamp v. Berners, Adm., 21 Ky. Law Rep., 324; Bromley's Adm'r v. Washington Life Ins. Co., 28 Ky. Law Rep., 1300; Doty v. Dickey, 29 Ky. Law Rep., 900; Bramlette v. Hargin, 29 Ky. Law Rep., 610.)

5. Void judgments attacked collaterally. (Stevens v. Dearing, 10 Ky. Law Rep., 393; Miller v. Swann & Brown, 12 Ky. Law Rep., 621.)

6. The courts and illegal contracts, etc. (Bromley's Adm'r v. Washington Life Insurance Co., 28 Ky. Law Rep., 1300.)

7. Insurance policies testementary, and as to the vested rights of beneficiaries. (Robinson v. Duvall, 3 Ky. Law Rep., 94; Mutual Life Insurance Co v. Twyman, 28 Ky. Law Rep., 160; Power of guardians to sell personal property of wards. Kentucky Stats., 2031.)

J. S. WORTHAM for appellants.

## POINTS AND AUTHORITIES CITED.

1. Judgment and sale void because purchaser had no insurable interest in life of insured. (Basye v. Adams, 81 Ky., 568; Schlamp v. Berner's Admr., 21 Ky. Law Rep., 324; Caudell v. Woodward, 96 Ky., 646; Throckmorton's Admr. v. Insurance Co., 4 Ky. Law Rep., 61; Warnock v. Davis, 4 Ky. Law Rep., 67 (U. S. Supreme Court); Leaf v. Leaf, 92 Ky., 166; Beard v. Sharp, 18 Ky. Law Rep., 1029; Burnam v. White, 16 Ky. Law Rep., 241;

Irons, &c. v. U. S. Life Ins. Co. of N. Y., &c.

Robinson v. Duval, 79 Ky., 83; Baldwin v. Hayden, 24 Ky. Law Rep., 900; Wolf v. Pierce, 20 Ky. Law Rep., 296; Bramblett v. Hargis' Exr'trx, 29 Ky. Law Rep., 610.)

2. Sale and assignment void as against public policy. (Ky. Stats., 678; Settle v. Hill, 5 Ky. Law Rep., 691; Insurance Company v. Twyman, 28 Ky. Law Rep., 1159; Bramblett v. Hargis, Ex'trix, 29 Ky. Law Rep., 610.)

3. Sale and assignment void because of contingent interest of beneficiaries. (Connecticutt Life Ins. Co. v. Buroughs, 91 Am. Dec., 725.)

4. Order appointing Mrs. Bunch guardian void. (Ky. Stats., 2022! Garth's Guardian v. Taylor, 24 Ky. Law Rep., 1963.)

5. Raymer case not in point. (Raymer v. Trustees, &c., 30 Ky. Law Rep., 332; Stevens v. Deering, 10 Ky. Law Rep., 393; Parsons v. Spencer, 83 Ky., 305; Green v. Page, 80 Ky., 368; Spencer v. Parsons, 89 Ky., 577.)

MORTON K. YONTS and AUGUSTUS E. WILLSON for appellees.

We contend:

1. That the order of the county court of Grayson county, appointing Lydia Spriggs Bunch guardian of the appellants is not void nor even erroneous, from which it inevitably follows that the appellants were properly joined by her as their guardian in the petition for the sale of the insurance policy.

2. That the judgment, decreeing a sale of the insurance policy, was not void nor even erroneous, but that if erroneous, the infant plaintiffs were bound to show cause against it and move for its vacation within one year after arriving at full age, and having failed to do so, they cannot assail that judgment collaterally in this proceeding.

3. That the question whether the insurance policy could or could not be sold to one having no insurable interest in the life of the insured, does not affect the jurisdiction of the court to direct the sale, and if error at all, is no more error than a judgment decreeing a sale of a homestead, which, under the statute, was exempt from sale, or a judgment enforcing a contract, which, under the statute or Constitution of the State was void.

4. That irregularities, if any, in the conduct of the sale must be brought to the attention of the Chancellor before its confirmation or they are waived, and if brought to the attention of the Chancellor and overruled, the party affected must appeal

Irons, &c. v. U. S. Life Ins. Co. of N. Y., &c.

from the order of confirmation as in other cases, or he will be concluded by the judgment or order of confirmation, however erroneous it may be.

## THE LAW.

The appellants, who were infants in the equity suit for the sale of the policy, had one year after arriving at age, to show cause against the judgment in that case and to apply for a new trial.

"An infant—other than a married woman, may, within twelve months after attaining the age of twenty one years, show cause against a judgment * * *, but the vacation of such judgment shall not affect the title of a bona fide purchaser under it." (Civil Code, section 391.)

"The court in which a judgment has been rendered, shall have power, after the expiration of the term, to vacate or modify it:— * * "

8. For errors in a judgment, shown by an infant within twelve months after arriving at full age as• is prescribed in section 391 Civil Code.

## AUTHORITIES CITED.

Civil Code, secs. 391, 518, 36 subsection 3, 517 subsec. 2, 21; Kentucky Statutes, secs. 2015, 4849, 2022, 2021, 1706; Prince v. Antle, et al., 90 Ky., 138; Kellar v. Wilson, 90 Ky., 351; Jacob's Admr. v. Louisville & Nashville R. R. Co., 10 Bush, 268; Garth's Guardian v Taylor, et al., 24 Ky. Law.Rep., 1963; Mahan v. Steele, Guardian, 22 Ky. Law Rep., 48; Derr v. Wilson, 84 Ky., 14; Thompson v. Pettibone, 79 Ky., 319.

J. C. GRAHAM for appellees, Gosnell and Jones.

I contend that the law I have cited in this brief establishes the following:

1. No judgment except it is absolutely void can be attacked in a collateral proceeding.

2. No judgment is void where the court had jurisdiction of the parties and the subject matter.

3. In order to ascertain whether or not .the judgment is void in the action of Lydia Spriggs Bunch, &c., v. Ben Wells, &c., the court can not look outside of that record, and it must appear affirmatively from that record.

4. The court had jurisdiction of the parties in that action.

5. The court had jurisdiction of the subject matter. A court of equity has inherent jurisdiction of infants and their property, and has a right to so dispose of that property as will best conduce to the welfare of the infants.

6. If that judgment is merely erroneous the appellants had their remedy, either to appeal or to move to vacate it.

7. They had until one year next after they became twenty-one years of age in which to show cause against said judgment, and having failed to do so within that time they have lost their remedy, if any they had.

8. The petition itself must show facts disclosing that the suit was brought within the time allowed by law after they became twenty-one years of age, or it is subject to demurrer.

9. The appellants can not hold on to our money and repudiate the acts by which they got it. They must pay it back or offer to pay it back.

I insist that the demurrer to the petition as amended was properly sustained and the case should be affirmed.

## AUTHORITIES CITED.

Newcombs Executors v. Newcomb, 13 Bush, 564, 562; Am. & Eng. Encyc. of Law, 1st Ed., vol. 12, 147 b. w. and x.; Davis v. Packard, 8 Pet., (U. S.) 324; Civil Code, sec. 35, subsec. 1; Wilson, Grd. v. Unselts' Admr., 12 Bush, 223; McCord v. Fisher's Heirs, 13 B. Mon., 194; Powers v. Powers, 12 Ky. Law Rep., 793; Bacon v. Bills, 6 Ky. Law Rep., 217; Henning v. Barringer, 10 Ky. Law Rep., 674; Smith v. Leavill, 16 Ky. Law Rep., 609; Revills v. Claxon's Heirs, 12 Bush, 562; Lee v. Page, 12 Bush, 202, 208; Bouviers Institutes, vol. 4, pp. 23, 265, 267, 268; 56 American Decisions, 164; Beech on Contracts, 1498; Withers, &c. v. Hickman, &c., 6 B. Mon., 294; Campbell v. Golden, 79 Ky., 548; Thompson v. Pettibone, 79 Ky., 322; Prather v. Davis, 13 Bush, 372; Prescott v. Prescott's Heirs, 10 B. Mon., 60, 61; Amer. & Eng. Encyc. of Law, 2nd Ed., vol. 17, pp. 1073, 1074; Hersey v. Walsh, 3 Am. St. Rep., 690; Sear's Heirs v. Sear's Heirs, 95 Ky., 174; Dawson v. Litsey, 10 Bush, 412; Carlisle v. Howes, 19 Ky. Law Rep., 1238; Moran v. Vicroy, 117 Ky., 198; Derr v. Wilson, 84 Ky., 14; Francis v. Wood, 81 Ky., 22; Civil Code, sec. 391; Figg v. Richardson, 6 Ky. Law Rep., 49; Back, &c. v. Combs, 96 Ky., 524; Kentucky Statutes, 2127; Shanklin v. Moody, 23 Ky. Law Rep., 2063; Wren v. Ficklin, 22 Ky. Law Rep., 1035; Howard v. Gibson, 22 Ky. Law Rep., 1294; Turner

v. Gill, 20 Ky. Law Rep., 1253; Raymer v. Trustees, 98 S. W., 323; Kentucky Statutes, 1955; Cochran v. German Ins. Bank, 9 Ky. Law Rep., 196; Kentucky Statutes, 4223; Bohon's Assne. v. Brown, 101 Ky., 354; Sondheim v. Gilbert, 10 Am. St. Rep., 26; Minor v. Kelley, 5 Mon., 274; Green v. Southworth, 2 Ky. Law Rep., 233; German Natl. Bank v. Louisville, Butchers, &c. Co., 16 Ky. Law Rep., 883; Purcell v. Dittman, 84 Ky., 149; Steinback v. Diepenbrock, 70 Am. St. Rep., 424; Garth's Gdn. v. Taylor, &c., 24 Ky. Law Rep., 1963; Kentucky Statutes, secs. 2022, 2015; Isaacs v. Taylor, 3 Dana, 601; Linder v. Sewall, 5 Ky. Law Rep., 304; Benningfield v. Reed, 8 B. Mon., 104, 102; Shackelford v. Miller, 9 Dana, 277, 276; Harvey v. Doe, 7 Ind., 133; Dequidre v. Williams, 31 Ind., 446, 456; Collins v. Ellison, 13 Ohio St., 446; Lawler v. White, 27 Tex., 253, 254; Swearinger v. Gerlick, 67 Ill., 209; McGuire v. Justices, 7 B. Mon., 342; Graham v. Blount, 12 B. Mon., 244; Dorsey v. Kendall, 8 Bush, 299; 1 Smith's L. Cas. part 2, 1021-1026; 2 Am. L. Cas., 638; Sanford v. Sanford, 28 Conn., 1199, 15 and 16; Broadhead v. McConnell, 3 Barb, 184; Voorhees v. Bank, U. S., 10 Pet., 473; McInboy v. Speed, 4 Bibb., 86; Hahn v. Kelly, 34 Cal., 391; Dunbar v. Hallowell, 34 Ill., 169; Granger v. Clark, 22 Main, 130; Trimble v. Longworth, 13 Ohio St., 438; Hatcher v. Rochela, 18 N. Y., 95; Tellman v. Ely, 6 Wis., 259; Pilslbury v. Gugan, 9 Ohio, 118; Prince v. Griffin, 16 Iowa, 554; Cooley's Con. Lim. 1st. Ed., 306; 2nd. Am. L. Cas., 5th Ed., 605; Coit v. Haven, 20 Conn., 1908; Moore v. Starks, 1 Ohio St., 369; Cook v. Darling, 18 Pick., 293; McCahill v. Equitable Life Ass, Society, 26 N. J., 536, 537; Thompson v. Tolmie, 2 Pet., 157; Homer v. Doe, 1 Ind., 131; Reynolds v. Stanberry, 20 Ohio, 350; Baker v. Chaplin, 12 Ohio, 206.

OPINION OF THE COURT BY JUDGE LASSING—Affirming in part and reversing in part.

In 1890 Benjamin Wells, an unmarried man, caused his life to be insured for the sum of $2,500 in the United States Life Insurance Company of New York, the premiums to be paid in 10 annual installments, and the money, at his death, to go and be payable to his sister, Lydia Spriggs Bunch, and her surviving children, share and share alike. At that time Mrs.

Bunch was a widow, with three small children, six, eight, and ten years old, and all dependent upon her brother, Benjamin Wells, for a support. The premiums were regularly paid, when due, during each year until the year 1900, when the last of the 10 payments called for under the terms of the policy was paid, and the policy became a paid-up policy. At that time the children of Mrs. Bunch were 16, 18, and 20 years of age, respectively. They had no estate whatever; and their mother, for the alleged purpose of raising money to complete their education and to support them, instituted an equitable action in the Grayson circuit court for the purpose of securing an order for the sale of the paid-up policy of insurance. Prior to the institution of this suit she had appeared in the Grayson county court, and had been, on her motion, appointed and qualified as guardian for her three children. She caused her brother, Benjamin Wells, and the United States Life Insurance Company of New York, to be made parties defendant to this equitable action. In this equitable suit she set forth fully the needs and necessities of her children, alleged that the policy of insurance was the only estate of any kind whatever owned by them, and that a sale of it was necessary in order to raise the funds needed to support and educate them. Her brother, Benjamin Wells, filed an answer, consenting to said sale, and joining in the prayer of the petition. The insurance company answered, asking that its interest be protected. Proof was taken by affidavits in support of the allegations of the petition, and it was also shown by the affidavit of Lydia Spriggs Bunch that she was 45 years of age, and had passed the change of life, and could not bear further issue. Thereafter the case was submitted, and judgment was rendered in conformity with the prayer

of the petition. The plaintiff, Lydia Spriggs Bunch, was appointed a special commissioner for the purpose of selling the policy. At the following term of court she, as special commissioner, filed her report, setting forth the fact that she had sold same to appellees Gosnell and Jones for the sum of $731.18. No exceptions having been filed to this report of sale, it was confirmed, and, acting under the direction given in the judgment ordering the sale, the company transferred to Gosnell and Jones as purchasers the policy of insurance. In May, 1906, Benjamin Wells died. Proofs of loss were promptly furnished the company by Gosnell and Jones, and on the 17th of May, 1906, the insurance company paid to them in satisfaction and settlement of the policy the sum of $2,500, the full face value thereof. On August 16, 1906, Mary E. Irons, Minnie M. Dense, and Benjamin Bunch brought suit in the Grayson circuit court against the United States Life Insurance Company of New York, Jess T. Gosnell, W. O. Jones, and their mother, Lydia Spriggs Stevenson, she having married again, setting up the facts as to the issuing of the policy of insurance in their favor, the judgment of the Grayson circuit court directing its sale, and the sale and transfer thereof to appellees Gosnell and Jones, the death of their uncle, Benjamin Wells, and the payment of the money, as above recited, to them. The circuit court dismissed the petition, and the plaintiff's appeal.

Neither Gosnell nor Jones, when they purchased the policy, had any insurable interest in the life of Benjamin Wells. In a long line of decisions this court held that the purchaser of a policy of insurance on the life of another in which he has no insurable interest except as creditor, will hold the proceeds of the policy over and above his debt in trust for the

beneficiaries of the policy; and that, where he has no insurable interest, the assignment will operate at most only as a pledge, and that he will hold the proceeds of the policy over and above the amount that he has paid for it, with interest, in trust for the beneficiaries of the policy. Basye v. Adams, 81 Ky. 368, 5 Ky. Law Rep. 91; Barbour v. Larue, 106 Ky. 546, 21 Ky. Law Rep. 94, 51 S. W. 5; Lee v. Insurance Co., 82 S. W. 258, 26 Ky. Law Rep. 577; Insurance Co. v. Brown, 66 S. W. 613, 23 Ky. Law Rep. 2070; Baldwin v. Haydon, 70 S. W. 300, 24 Ky. Law Rep. 900; Schlamp v. Berner, 51 S. W. 312, 21 Ky. Law Rep. 324; Bramblett v. Hargis, 94 S. W. 20, 29 Ky. Law Rep. 610. The doctrine of constructive trusts applies no less to judicial sales than to private sales. If the purchaser at a private sale will hold the property in trust for another, the purchaser at a judicial sale under like circumstances will equally so hold it. If the property is impressed with a trust, the trust is enforcable as well against the purchaser at a judicial sale as at a private sale. Miller v. Antle, 2 Bush, 407, 92 Am. Dec. 495; Roach v. Hudson, 8 Bush, 410; 2 Pomeroy's Equity, section 1052. If the appellants had been of age and had sold this policy to Gosnell and Jones, the latter under the above authorities would only take an interest in the policy to the extent of the amount which they paid for it and interest. The court was applied to simply because the children were not of age. The action of the court supplied the want of capacity in the children by reason of their nonage, but the court only did for the children what they might have done themselves if of age. What Gosnell and Jones took under their purchase, is to be determined, not alone from the judgment of the court, but from their capacity to take. The court transferred the policy to them,

but the effect of the transfer is to be determined by the law which regulates what interest they could take in such a policy. The transaction having been made under an order of the court, which had all the parties before it, Gosnell and Jones must be adjudged entitled out of the policy to the amount they paid with interest. To give it greater effect would be entirely to ignore the rule that where a purchaser at a private sale would hold as trustee, he equally holds as trustee where he purchases at a judicial sale under like circumstances; the reason for the rule being that his title in both cases depends upon his capacity to take, and that, if he cannot take the title in one case absolutely, he cannot take it in the other. When a proposed purchaser is reported to the court, it does not consider whether he has capacity to take the property or what interest he can take, unless the question is raised by exception to the sale. This is a matter which he is to see to for himself. The court, unless objection is made, does not consider whether he is trustee for the parties and will hold the property for them. In the case of a sale of a life insurance policy the court does not inquire sua sponte whether the purchaser has an insurable interest in the life of the assured. The order confirming the sale where no exceptions are filed does not establish the fact that the purchaser is not a trustee for the parties or that he has capacity to take the property absolutely. If, in fact, he has capacity only to take a limited estate in it and holds the remainder in trust for the parties, to show this fact in a subsequent suit in no wise impeaches the judgment in the former case. The question is what he took under that judgment, and he could not take any greater interest than he had capacity to take. If he had no insurable interest in the life of the

assured, the law allowed no greater interest to be vested in him by his purchase than a lien for his money with interest. Every reason for the rule exists in sales made by order of court as in private sales; for there is the same temptation in each case to wrong-doing and a mere gaming venture.

We have not referred to section 678, Ky. St. 1903, as that is in the division of the statute applicable to co-operative insurance, and there is nothing in the section to show that it was intended to apply to other policies. The right of the mother cannot be adjudicated in this action, as she has brought no suit.

Judgment reversed as to Gosnell and Jones, and cause remanded, with directions to the circuit court to adjudge Gosnell and Jones out of the proceeds of the policy $731.18 with interest at 6 per cent. from May 10, 1900, and to adjudge to the plaintiffs three-fourths of the remainder, and for further proceedings consistent herewith. As to the insurance company, the judgment is affirmed.

Petition by appellants for modification of opinion overruled.