### Coy's Administrator v. Long, et al.

(Decided November 25, 1924.)

Appeal from Madison Circuit Court.

1. Bills and Notes—Payment of Note Found in Payor's Hands Presumed.—Payment of note found in payor's hands will be presumed.

2.  Executors and Administrators—Administrator Suing on Notes in Defendant's Hands had Burden of Proving Confidential Relationship Between Intestate and Defendants.—In administrator's action against intestate's sister and nephew, in which the petition did not plead a confidential relationship, but alleged that possession of notes had been obtained by defendants by undue influence, administrator had burden of showing confidential relation in order to require defendants to explain how they obtain possession, under Civil Code of Practice, sections 525, 526.

ROBINSON & KAUFMAN for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Amanda Coy and appellee Martha Long were sisters, while appellee Collins Long is the son of Martha Long and nephew of Amanda Coy. They all resided in Madison county. This suit is by the administrator of Amanda Coy against Collins Long and Martha Long to recover of them the sum of $2,700.00, the principal and interest of two notes, executed by Collins Long to Amanda Coy in 1921. One of the notes was a straight obligation to pay the deceased, Amanda Coy, $1,000.00 at a specified time.

The other obligation reads as follows:

"Richmond, Ky., August 11, 1921.

"This writing does evidence that I have this day loaned to Collins Long the sum of one thousand dollars on which he is to pay me interest at the rate of six per cent per annum, interest payable annually from this date. In the event I die before him, then this note is not to be collected and is not to form any part of my estate, and should he die before me, then I reserve the right to collect the same or make any other disposition thereof I may deem fit.

"COLLINS LONG,
"AMANDA LONG."

The plaintiff in his petition averred the execution of the notes, the loan of the money and the failure to pay according to the terms of the notes. In addition to this it was averred that Amanda Coy was an old lady, sick in mind and body for several years before her death in 1921; that she lived with her nephew, appellee Collins

Long, and that appellee, Martha Long, lived with her son at the same time; that appellees had charge of Amanda Coy and also of her business and property, including the two notes in question and that they induced her to surrender the notes to them; that at the time they did so she was unable mentally and physically to understand the nature of the transaction or to know what she was doing; that there was no consideration for the transfer of the notes from Amanda Coy to appellees. The averments of the petition were traversed in the answer. By a second paragraph defendants pleaded that "on or about the 1st day of January, 1922, the defendant, Collins Long, did execute and deliver to the deceased, Amanda Coy, his promissory note for the sum of $1,000.00, which by the terms of said note he promised to pay the said Amanda Coy or order, four months after date, with interest thereon at the rate of six per cent per annum." And further, "that by written instrument of date August 11, 1921, the defendant Collins Long and the deceased, Amanda Coy, entered into a written agreement by the terms of which Amanda Coy on said date loaned to Collins Long the sum of one thousand dollars on which he was to pay her interest at the rate of six per cent per annum, payable annually from this date, but in the event that Amanda Coy should die before Collins Long, then the said note was not to be collected and was not to form any part of her estate. A copy of said instrument of writing is filed herewith as part hereof, marked 'A.' That the said Amanda Coy did die before the defendant, Collins Long, and that by reason thereof the said obligation of $1,000.00 by its terms has become cancelled and of no legal effect against the defendant, Collins Long." That at the same time and in consideration of the love and affection which she bore to her sister, Martha Long, and for the kindness and service which said Martha Long had rendered to Amanda Coy, during her lifetime, she gave, transferred and assigned to the defendant, Martha Long, the $1,000.00 note, which defendant, Collins Long, had previously executed to deceased, Coy, and that since the transfer and assignment to said Martha Long the defendant, Collins Long, has paid off the principal and interest of the said $1,000.00 note to the defendant, Martha Long, and said note has been taken up and canceled by such payment."

By an amended answer appellees pleaded that the debt sued on was compromised between the parties by

appellee Martha Long signing and executing a deed in conformity to the wishes of appellant and other heirs and representatives of the estate of their deceased father, whereby the indebtedness was canceled and fully satisfied, for which reason the case should be dismissed. Motions were made on both sides to strike certain parts of the original and amended pleadings, some of which motions were sustained. By agreement of the parties the affirmative matter in the answer, amended answer and second amended answer were traversed of record. On the same day another amended petition was filed averring in substance that Amanda Coy was the aunt of appellee Collins Long and lived with him; that he directed and controlled her business for her and represented her in different transactions and had charge of all her business, and that there existed for some years before the death of Amanda Coy a confidential relation between her and her nephew, Collins Long. The orders of the court do not show that an answer was filed to this amended petition. Most of the last amended petition was stricken out on motion.

With the pleadings in this condition the cause came to trial. A jury was selected and the case stated by counsel for each side; thereupon appellants moved the court to adjudge the burden of proof upon appellees. To this appellees objected and the court sustained the objection, whereupon appellants, plaintiffs below, declined to introduce any evidence. The court then peremptorily directed the jury to find and return a verdict for the defendants, now appellees, and this was done and judgment entered accordingly. From this judgment the administrator of Amanda Coy has prosecuted this appeal.

The only question for determination is whether the court properly adjudged the burden of proof. Appellant insists that the court erred in adjudging the burden upon him, while appellees insist that the court correctly so adjudged the burden. The party having the affirmative of the issue must produce the evidence to prove it. Civil Code, section 525. The burden of proof in the whole case lies on the party who would be defeated if no evidence were given on either side. Civil Code, section 526. We have often held that an erroneous ruling of a circuit court in awarding the burden of proof to the wrong party is prejudicial error. Home Insurance Company v. Crowder, 164 Ky. 792.

Let it be remembered that this action was commenced by the administrator against appellees to recover of them upon two notes, alleging the notes had been obtained from his decedent at a time when she was feeble in both mind and body and wholly unable to enter into contractual relations. Appellees admitted the execution of the notes and averred facts showing how they came into possession of them, and further that one of the notes, which was to be paid only in case Amanda Coy outlived appellee Collins Long, provided she wanted to collect it, otherwise to become unenforceable. The facts pleaded show that some time before the death of Amanda Coy and while she lived with appellee, Collins Long, she surrendered the note to him and canceled the obligation. These averments were denied. With respect to the other note it was averred in the answer that the deceased, Amanda Coy, transferred it to her sister, Martha Long, in consideration of services rendered by Martha Long to Amanda Coy during her sickness and that later the note was paid off and taken up by appellee, Collins Long. These averments were also traversed.

The presumption is that a note has been paid when found in the hands of the payor. As appellant averred in the petition that the notes had been obtained from his decedent through the exercise of undue influence on the part of appellees, the burden was upon him to make out a *prima facie* case. The averments of the pleadings were not such as to show the existence of a confidential relation between Amanda Coy and the appellees, or either of them, at the time of the transfer of the notes. Had such been the case the burden would have been upon appellees and each of them to explain by evidence how they came into possession of the notes. Under the state of pleadings the burden was upon appellant to show that a confidential relation existed between Martha Coy and the appellees, or one of them. This being so, the trial court correctly ruled that the administrator of Amanda Coy should proceed with the introduction of his evidence. When he declined to do so, it was not error for the court to dismiss his cause.

Judgment affirmed.