### Walker v. Carter, et al.

(Decided March 27, 1925.)

Appeal from Harlan Circuit Court.

1. Trusts—Extent of Application of Rule that Trustee Cannot Purchase at Own Sale Stated.—Rule that trustee cannot purchase at own sale embraces both direct and indirect purchases, and

applies whether sale is private or under decree and wherever purchaser is charged with duty inconsistent with character of purchaser.

2. Trusts—Purchase by Attorney Representing Estate Held to Create Trust in Favor of Heirs.—Where in suit to settle estate attorney representing it procured order of sale and administratrix became purchaser and turned her bid over to attorney under agreement whereby she received small corner of property, purchase held to create trust in favor of heirs as to both attorney and administratrix, under rule that trustee cannot purchase at own sale.

3. Trusts—Petition to Enforce Trust in Land Purchased by Attorney Held to State Cause of Action.—Petition by heir to enforce trust in land purchased by attorney representing estate, who procured order of sale, held to state cause of action.

4. Trusts—Heir Necessary Party Defendant to Suit by Other Heir to Enforce Trust in Land Purchased by Attorney.—In suit by one of heirs to enforce trust in land purchased by attorney representing estate who procured order of sale, other heir who had been advanced her portion of estate is necessary party defendant.

5. Executors and Administrators—Administratrix, Receiving Portion of Property Purchased by Attorney, Held Necessary Defendant to Suit to Enforce Trust.—Where attorney representing estate procured order of sale, whereupon administratrix purchased but relinquished bid to attorney under agreement whereby she received small corner of property, administratrix held necessary party defendant to suit by heir to enforce trust in the land.

6. Trusts—Omission to Name Heirs in Petition to Enforce Trust in Land Purchased by Estate's Attorney Held Not Fatal.—Petition by heir to enforce trust in land purchased by estate's attorney at administration sale held not bad as against general demurrer for failure to set out who heirs at law of intestate are, where it does show that plaintiff is child and one of heirs.

7. Pleading—Heir Need Not Allege that Defendants' Predecessors in Title Bought with Notice of Trust.—Petition by heir to enforce trust in land purchased by estate's attorney at administration sale, alleging that defendants bought with notice, need not allege that all of defendants' predecessors in title bought with notice, since this is matter of defense.

CHARLES B. SPICER for appellant.

SAMPSON & SAMPSON, ACREE & BAKER and J. B. CARTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Roy Walker brought this suit against appellees. He alleged in his petition these facts: His father, J.

T. Walker, died intestate; his mother, Mattie T. Walker, qualified as administratrix of his estate, and brought suit to settle the estate, in which F. F. Acree was her attorney and was employed to represent the estate; his father owned the tract of land described in the petition, and a sale of this tract of land was prayed therein for payment of the debts; at the time he was an infant, and had become of age about two years before bringing this suit; F. F. Acree prepared the papers in the suit for settling the estate, procured the order of sale and conducted the sale of the land; at the sale, Mollie G. Walker, the administratrix, became the purchaser of the property, but F. F. Acree made an agreement with her to allow her to receive a small corner of the property if she, the administratrix, would turn over her bid to him; she did turn over her bid to him, and that he prepared the report of sale, which showed that he was the purchaser of the property; he procured the confirmation of the sale, and had an order entered conveying the property to him and his wife, Bertha Acree.

Mattie G. Walker now holds a corner of the land, and the defendants, Susan Carter and Warren Carter, hold the remainder of it under mesne conveyance from F. F. Acree and Bertha Acree. Mollie Yokum is a half-sister of the plaintiff but she had been advanced her full share of the estate and had no interest in the property. It was further alleged in the petition that, by his purchase under these circumstances, Acree held the property in trust for the plaintiff, that it was sold for $1,-250,00, and was worth twice that sum, and that the defendants, and each of them, purchased the property with full knowledge of the trust attached to it in favor of the plaintiff.    He prayed that the trust be enforced, and that the land be sold and he be adjudged what was coming to him on the settlement of the trust, and for all proper relief.

The defendants filed a special demurrer to the petition on the ground that there was a defect of parties plaintiff, and a general demurrer on the ground that the petition did not state facts constituting a cause of action. The court sustained the demurrer to the petition, and plaintiff appeals.

It is the well-settled law that a trustee cannot purchase at his own sale. The rule embraces both direct and indirect purchases, and applies whether the sale is

private or under a decree. The rule applies to all sales where the purchaser is charged with the performance of a duty with reference thereto which is inconsistent with the character of purchaser. It therefore includes not only the administratrix in the sale of this land, but her attorney, who procured the sale and conducted it for her, and a purchase by him is held in trust for the heirs of the estate no less than a purchase by the administratrix.

Clearly the rule should apply where the administratrix was the real purchaser, and the sale was reported in the name of her attorney, under an agreement with her that she was to have a part of the land. Handlin v. Davis, 81 Ky. 34; Irons v. U. S. Life Ins. Co., 128 Ky. 640, 108 S. W. 904; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29.

This action is not a collateral attack on the judgment. The judgment is not impugned. It is simply a proceeding to enforce a trust, created by operation of law for the protection of the beneficiaries of the estate to prevent those having charge of the estate from using the estate to further their own interests.

The petition states a cause of action. The general demurrer to the petition was improperly sustained. There was no defect of parties plaintiff. Mollie Yokum is named as a party defendant in the body of the petition, but she is not named as a defendant in the caption. She is a necessary party to the action, and should be made a party defendant on the return of the case to the circuit court.

Mattie Walker is also a necessary party defendant, and should be made a defendant to the action on the return of the case. The petition does not, in words, allege that Mattie Yokum is the only other child of J. T. Walker although this apparently was meant by what was alleged. The petition should be amended so as to show who are the heirs-at-law of J. T. Walker. But this defect in the petition was not ground for sustaining the general demurrer, as it does show that the plaintiff, Roy Walker, is a child and one of the heirs.

It is earnestly insisted that the petition does not show that all of the persons holding under F. F. Acree and Bertha Acree bought with notice of the facts, and it is insisted that, although the defendants bought with notice, they are entitled to the protection afforded their predecessors in title, if any of them bought without notice.

This is true, but this is matter of defense, and must be pleaded by answer. Deskins v. Big Sandy Co., 121 Ky. 601, 89 S. W. 695; Brogan v. Porter, 145 Ky. 587; Rouse v. Craig Realty Co., 203 Ky. 697.

Judgment reversed, and the cause remanded for further proceedings consistent herewith.