## Byington v. Baughman.

March 1, 1940.

J. C. Jones, Special Judge.

Joe G. Davis and Waugh & Howerton for appellant.

Nelson D. Rodes for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee, James H. Baughman, the plaintiff below, filed his petition in equity against Mrs. Georgia R. Byington, individually and as executrix and sole devisee under the will of her late husband, W. M. Byington, seeking to recover $2,960.22 alleged to be the balance due on a $9,000 note Mr. and Mrs. Byington executed to the plaintiff on June 26, 1925, and to foreclose a real estate mortgage given to secure same. Several amended petitions were filed, the first making the holder of a second mortgage a party, while the others set up certain tax liens, etc., against the mortgaged property, which are not contested in this litigation.

In her answer Mrs. Byington pleaded payment, and by way of counterclaim she averred this $9,000 note was executed for the purpose of collaterally securing $12,000 in notes, known as the Louisa notes, which her husband assigned to the plaintiff, which $12,000 notes had been fully paid and that plaintiff collected and received from her husband without consideration $3,078.94, for which sum she asked judgment.

The issues were joined by appropriate pleadings and the case was referred to Hon. E. C. Newlin, special commissioner, who heard proof and reported there was a balance due plaintiff on the $9,000 note of $3,095.81, but that plaintiff's recovery could not exceed the amount sued for, $2,960.22. The court entered judgment for plaintiff in this amount and ordered a sale of the real estate to satisfy the mortgage lien. Appellant seeks a reversal of this judgment on two grounds: (1) The court erred in allowing the plaintiff to introduce proof

without pleading to support it; (2) that the court erred in giving plaintiff credit for certain items the special commissioner erroneously allowed him.

Mr. Byington was a prominent educator and on August 8, 1923, sold certain school property to the Louisa Graded School District of which $12,000 of the purchase price was represented by three promissory notes of $4,000 each. On June 26, 1925, Mr. and Mrs. Byington executed their joint promissory note to the plaintiff for $9,000 payable four years and eleven months after date, and secured same by a mortgage on their home. The $9,000 note represented money the plaintiff had paid for Byington as shown by competent and disinterested witnesses who testified as to checks drawn by the plaintiff in payment of Byington's debts, and as to facts disclosed by the records in the office of the clerk of the Boyle County Court. Their evidence shows the following items were included in the $9,000 note; $4,500 Byington owed the Boyle Bank & Trust Company, which the plaintiff paid for him; $2,500 plaintiff paid to Shewmaker for Byington; $1,500 cash which the plaintiff paid for Byington on land bought from Whitehouse; and the remaining $500 consisted of small items. Byington turned over the $12,000 Louisa notes to the plaintiff to collect for him, so the plaintiff claims; while Mrs. Byington pleads that the $12,000 Louisa notes were sold to the plaintiff and that when the Louisa School Board defaulted in payment of these notes, the plaintiff demanded the $9,000 note as collateral. We find Mrs. Byington is in error as to the $9,000 note being given to the plaintiff only as security on the $12,000 Louisa notes, because a $1,000 note dated July 15, 1926, Byington executed to plaintiff has an endorsement in Byington's handwriting to the effect that the Louisa notes are assigned to the plaintiff as collateral on the $9,000 note.

A stipulation in the record shows plaintiff collected $13,760.52 principal and interest on the Louisa notes, and this was more than sufficient to satisfy the $9,000 which was secured by the Louisa notes as collateral. But plaintiff accounts for the full amount received from the Louisa notes by showing credits on the $9,000 note; by producing checks payable to and endorsed by Byington; and by showing payments made to others in satisfaction of Byington's debts as proven by bankers

and other disinterested witnesses. It appears from this evidence that plaintiff loaned to or paid for Byington other sums after the $9,000 note was executed. As Byington did not direct him where to apply the proceeds from the Louisa notes, they were used in satisfying the unsecured debts Byington owed plaintiff, and this accounts for the balance of $2,960 remaining unpaid on the $9,000 note. It is well settled that where a debtor makes a payment without specifying upon what debt it shall be applied, the creditor may apply it as he sees fit. Cundiff & McDowell v. Whayne Supply Co., 262 Ky. 837, 91 S. W. (2d) 516.

Mrs. Byington argues that as plaintiff did not plead these unsecured debts were owed him by her husband, that he should not be allowed to introduce proof as to them, or that they were satisfied out of the proceeds of the Louisa notes, invoking the well-known rule that proof without pleading is of no avail. Evidently, Mrs. Byington loses sight of the fact that the plaintiff is not seeking to recover on these unsecured debts in this action, but is limited by his pleading to a recovery of $2,960 as balance due on the $9,000 note. When Mrs. Byington pleaded payment this placed the burden upon her, and when she proved more than $13,000 came into his hands, the plaintiff had the right by way of defense to show what disposition he made of such money. It was not proper for his petition to anticipate Mrs. Byington's defense. 49 C. J. 149, Section 165; Walker v. Carter, 208 Ky. 197, 270 S. W. 770; New York Life Ins. Co. v. Dean, 226 Ky. 597, 11 S. W. (2d) 417. Plaintiff's reply traversed the allegation of payment and this authorized him to meet Mrs. Byington's proof that he had received more than $13,000 by showing her husband owed him unsecured debts, and that part of this money was applied on them. Mrs. Byington cites National Surety Co. v. Daviess County Planing Mill Co., 213 Ky. 670, 281 S. W. 791, which has no application here, since it holds a petition against a surety on a contract was not sufficient to sustain a judgment where it was not alleged how much of the contract price had been paid, or what was the amount of the extras.

Mrs. Byington questions an item of $930.23, contending that she had in her possession a note for $1,000 which represented this item, and this note having been

found in her husband's papers, the presumption is that he had paid it. She is correct, the law presumes a note has been satisfied when it is found in the possession of the maker. Coy's Adm'r v. Long, 205 Ky. 706, 266 S. W. 387; Hollon v. Weatherford's Adm'r, 259 Ky. 142, 82 S. W. (2d) 208, and authorities therein cited. The plaintiff admits this note is paid, indeed, it is marked "Paid." But on the back of this note there is written in Byington's handwriting that it is secured by the Louisa notes, and when it was paid out of the proceeds of these Louisa notes, Byington's instructions, so to speak, were being carried out. There is no effort to charge Byington's estate with this $930.23 item and it was introduced merely to show it was the consideration of Byington executing the $1,000 note.

There is an interest credit of December 17, 1925, on the back of each of the two $650 Whitehouse notes and the lien securing these two notes was released on the deed by the appellee on June 15, 1926. As the $9,000 note was given on June 26, 1925, these two Whitehouse notes evidently were not included in the $9,000 note, else there would not have been an interest credit on them after the $9,000 note was executed. As these Whithouse notes were paid, and as the record does not show any fund Byington could have satisfied them with except the proceeds from the Louisa notes, we uphold the finding of the chancellor that they were so satisfied.

As to the $440 check to which plaintiff's wife's name was signed, he is entitled to a credit for that sum in accounting for the proceeds he received from the Louisa notes, since this check shows on its face it was a loan to Byington. Again we point out that plaintiff is not recovering from Byington's estate the amount of the check signed by plaintiff's wife, but is taking credit therefor in accounting for the sums he collected on the Louisa notes.

The $480 check does not show what it is for, but as appellee paid that sum to Byington he is entitled to credit therefor in accounting for the proceeds of the Louisa notes in the absence of any proof by Byington's estate that it represented some other transaction or that this sum had been repaid appellee. Since appellant pleaded payment of this $9,000 note the burden was on her to prove it, and in doing so she had the burden of

showing such transactions as this $480 check were not debts of her husband.

Mrs. Byington puts much emphasis on the fact that her son-in-law and son testified that in the early spring of 1930, at the stockyards in Danville they heard her husband tell plaintiff he owed plaintiff a balance around $800, and plaintiff replied that the balance was about $1,000. The plaintiff denied having any such conversation with Byington. However that may be, Mr. Byington mailed plaintiff a check for $1,000, the proceeds of a fire insurance policy when a barn burned, and requested that this check be credited as of March 4, 1930. If the son-in-law and son were correct as to the conversation at the stockyards, it is queer Mr. Byington would mail plaintiff a check for $1,000 and ask that it be credited on his indebtedness rather than saying it satisfied same. Mrs. Byington further argues that in a letter of December 1, 1933, plaintiff told his attorney, Mr. Add Lanier, that Mr. Byington owed him $3,580.64. The court properly excluded this letter as it was a confidential communication between a client and his attorney. Civil Code of Practice, Section 606, Subsection 4. But if it were admissible, it could only show the plaintiff at that time thought his debt was $600 more than he later sought to recover by suit. Then there is some testimony Mr. Byington tried for some time before his death to get in touch with the plaintiff for the purpose of having a final settlement and of getting a release of the mortgage on his home. The most that such testimony could prove would be that Mr. Byington did not think his indebtedness to the plaintiff was as large as it turned out to be, and when it is recalled that the many credits and interest calculations thereon cover two typewritten pages in the commissioner's report, it is not surprising that Mr. Byington could have an erroneous idea as to the balance due, and that plaintiff could make an erroneous statement as to the amount thereof. Such testimony falls far short of overcoming the presumption that this $9,000 note in the possession of plaintiff was unpaid.

The judgment is affirmed.