## MARTIN et al. v. MARTIN et al.

Court of Appeals of Kentucky.
May 30, 1952.

Waldemar D. Bratcher, Greenville, for appellants.

Woodward, Bartlett & McCarroll, Owensboro, for appellees.

COMBS, Justice.

We are asked to review a judgment approving the sale of certain farm lands comprising part of the estate of Charles E. Martin, deceased.

Mr. Martin died in 1946, the owner of personal and real property of the estimated value of $750,000. A substantial part of the estate consists of farm lands in Muhlenberg and McLean counties. By Item 3 of his will he devised the residue of his estate to two of his sons, Benjamin C. Martin and Henson E. Martin, as trustees, for the use and benefit of his widow and his five children, including the two trustees. The widow renounced the will and she is not involved in this proceeding.

Item 7 of the will directs that the trustees and executors "shall manage my estate and execute the trust herein provided for a period of from ten years to twenty years after my death and fully and finally settle my estate at the most advantageous time to the estate in their discretion not earlier than ten years after my death and not later than twenty years thereafter, using their judgment and discretion in that behalf and in such a way as to realize as much as possible for the distributees hereunder."

Item 4 of the will authorizes the trustees "at any and all times" to "sell and convey all, or any part, or parts, of my said property and estate, at public auction, or by private contract or sale, and upon such terms and conditions as they shall think fit and proper."

The will provides further that upon final settlement the estate "shall be distributed

equally to my wife and to each of my five children" and also "in the event any of my children should die before my said estate shall have been settled in accordance herewith leaving heirs of his or her body surviving, then the child or children of such deceased child of mine shall receive the portion that otherwise would go hereunder to their parents."

The farms now proposed to be sold have been operated since the testator's death by one of the trustees for the benefit of the estate, but he has advised his codevisees that he will be unable to continue in that capacity. It is alleged in the petition that it is not practicable to operate the farms on behalf of the estate.

All of testator's children named in the will are now living, and all of them have living children, some of whom are infants and at least one of whom is a non-resident. Plaintiffs in the case are the testator's five children and their respective husbands and wives. Named as defendants are all of the testator's grandchildren and their respective spouses.

The case has been practiced carefully and we find no technical defects in the procedure. The infants were represented in the lower court and are represented here by warning order attorney and guardian ad litem. The proposed purchasers of the farms are the testator's five children. The price proposed to be paid is $119,600, which is the value placed on the farms for inheritance tax purposes by the state and federal governments. No part of the purchase price is to be paid in cash, but is evidenced by three promissory notes executed by the purchasers to the trustees; one in the amount of $20,500, one in the amount of $27,500, and one in the amount of $71,600. The notes are payable on demand on and after January 1, 1957, and are secured by a lien on the farms. All mineral rights are excepted from the conveyances. It appears from the testimony of several apparently disinterested witnesses that the price offered represents the present fair market value of the property.

None of the children who are sui juris makes any objection to the proposed sale. It is suggested by the guardian ad litem that there are two legal obstacles to the sale: (1) The trustees have no right to terminate the trust before the expiration of 10 years from testator's death, and (2) the trustees have no right to convey the property to themselves as individuals.

■ The answer to the first objection is obvious. Sale of the farm lands will not terminate the trust. Although the farms are of substantial value, they do not constitute the major portion of the estate, and there is no intimation in the record that the trustees have any intention of terminating the trust before the expiration of the period specified in the will.

■ In support of the second objection, the guardian ad litem cites the cases of Bailey v. Waddy, 195 Ky. 415, 243 S.W. 21, and Walker v. Carter, 208 Ky. 197, 270 S.W. 770. Those cases enunciate the abstract principle that ordinarily a trustee cannot purchase at his own sale. But the exception to the general principle is almost as broad as the rule itself. The exception is well illustrated in the Bailey v. Waddy case. The purchase by the trustee in that case was upheld, the court saying [195 Ky. 415, 243 S.W. 26]:

"Recognizing that the burden was on appellees to show the utmost good faith and to convince the chancellor that there were no suspicious circumstances or conditions surrounding the transaction, we, without hesitation, say from the record they have fully met that burden, and we are convinced from the very beginning the whole transaction was had primarily for the benefit of the *cestui que* trust and for the purpose of saving her home from subjection to a mortgage debt, and resulted to her financial benefit."

The exception to the rule is also stated in Robertson v. Hert's Adm'rs, 312 Ky. 405, 227 S.W.2d 899.

■ It must be borne in mind that the trustees are also beneficiaries under the will. The will does not require them to sell the real estate. They have the option under

the will to convert the real estate into cash or securities, or to hold it intact until expiration of the trust, and then convey it to the beneficiaries under the will. If the real estate should be held until the expiration of the trust, it would be the duty of the trustees at that time to execute deeds to the beneficiaries, including themselves. It must be assumed the testator realized this contingency might occur. So the will must be construed as conferring upon the trustees the implied power to convey the real estate to themselves.

There is nothing in the record to create the inference that there is any motive for the sale of the farms, other than the natural desire of the trustees and the other beneficiaries to preserve the estate. No valid reason has been advanced why the sale should not be approved, and we know of none.

The judgment is affirmed.

CAMMACK, C. J., not sitting.